J-S62021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| Appellee | OF PENNSYLVANIA |
| v. | |
| STEPHEN MCLEOD | |
| Appellant | No. 26 MDA 2017 |

Appeal from the Judgment of Sentence entered November 28, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-SA-0000160-2016

BEFORE:  STABILE, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 23, 2018**

Appellant Stephen McLeod appeals from the November 28, 2016 judgment of sentence entered in the Dauphin County Court of Common Pleas following his bench-trial conviction for driving while operating privilege is suspended or revoked.[1]  We affirm.

On April 21, 2016, Appellant was charged with the above offense, and a magisterial district judge found Appellant guilty on July 25, 2016.  On August 24, 2016, Appellant filed a summary appeal to the trial court.  On November 28, 2016, following a *de novo* hearing, the trial court found Appellant guilty. On December 28, 2016, Appellant filed a notice of appeal.  The trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1543(a).

ordered Appellant to file a Pa.R.A.P. 1925(b) statement and sent a certified letter to Appellant's counsel enclosing the order. The letter was returned as undeliverable, prompting the trial court to file a statement in lieu of an opinion recommending that this Court quash Appellant's appeal. Appellant thereupon moved for leave to file a Pa.R.A.P. 1925(b) statement *nunc pro tunc*, which the trial court denied.

Appellant filed a brief in this Court in which he contested the trial court's recommendation to quash his appeal and argued that his traffic stop on April 21, 2016 was unconstitutional. On October 27, 2017, pursuant to Pa.R.A.P. 1925(c)(3), we entered a judgment order agreeing with Appellant that quashal was inappropriate. We remanded this case to the trial court with directions for Appellant to file a Pa.R.A.P. 1925(b) statement *nunc pro tunc* and for the trial court to prepare a Pa.R.A.P. 1925(a) opinion.[2] On November 28, 2017, Appellant filed a Pa.R.A.P. 1925(b) statement *nunc pro tunc*, and on December 18, 2017, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Having disposed of the quashal issue, we have only one argument left to review: Appellant's challenge to the constitutionality of his traffic stop. The trial court aptly and thoroughly summarized the factual and procedural history of the case. Trial Court Opinion, 12/18/17, at 1-5. We hereby adopt the trial court summaries as our own and incorporate them herein as if fully set forth.

---

[2] We also retained jurisdiction over this appeal.

In brief, Officer Ribec of the Lower Swatara Township Police Department was systematically checking the license plates of vehicles parked at the Hollywood Hotel, a noted high crime area in the Township, when he came across a silver Lexus with which he was familiar. Knowing that Appellant had previously operated the vehicle, the officer performed a JNET search and determined that Appellant's license was actively suspended. When the Lexus exited the parking lot, the officer followed the vehicle and positively identified Appellant as the driver. The officer then saw Appellant fail to properly activate the vehicle turn signal. The officer activated his emergency lights, stopped Appellant's vehicle and cited Appellant for driving while his operating privilege was suspended or revoked.

The Vehicle Code provides that "[w]henever a police officer . . . has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle." 75 Pa. C. S. § 6308 (b). The reasonable suspicion standard, however, applies only to stops that serve an investigatory purpose. When the suspected violation of the Vehicle Code does not require investigation, the stop requires probable cause. **Commonwealth v. Feczko**, 10 A.3d 1285, 1290 (Pa. Super. 2010) (quoting **Commonwealth v. Chase**, 960 A.2d 108, 115-16 (Pa. 2008)) ("A vehicle stop based solely on offenses not investigable cannot be justified by a mere reasonable suspicion . . . An officer must have probable cause to make a constitutional vehicle stop for such offenses").

In this case, no further investigation was necessary. Officer Ribec positively identified Appellant as the driver of the Lexus and learned that Appellant's license was suspended. The officer thus had probable cause to stop Appellant and cite him for driving with a suspended license. Officer Ribec also had probable cause to stop Appellant for failing to activate his turn signal an appropriate distance from the intersection at which he intended to turn, a violation of 75 Pa.C.S.A. § 3334(b). The fact that the officer did not actually cite Appellant for violating Section 3334(b) is irrelevant. The constitutionality of the stop is an objective inquiry that does not depend on the officer's subjective motivations for stopping the vehicle. **Commonwealth v. Strickler**, 757 A.2d 884, 893 (Pa. 2000). The objective facts established probable cause to stop Appellant for a Section 3334(b) violation.

We agree with the trial court that Appellant's reliance on **Commonwealth v. Mistler**, 912 A.2d 1265 (Pa. 2000), is misplaced. In **Mistler**, undercover state Liquor Control Enforcement officers attended a fraternity party. Upon observing alcohol being served to individuals who appeared to be under 21 years old, the officers stopped the party and "carded" everyone by checking their driver's licenses. The officers cited all individuals under 21 years of age at the party for underage drinking regardless of whether they had observed them drinking. Our Supreme Court found the detention of the group was unconstitutional, because the officers lacked individualized suspicion, and no public interest beyond crime control existed to justify these

suspicionless seizures. Here, in contrast, Officer Ribec had probable cause to believe that a particular individual, Appellant, was driving with a suspended license and failed to activate his turn signal sufficiently in advance of a traffic intersection.

For these reasons, Appellant's challenge to the constitutionality of his traffic stop lacks merit.

Judgment of sentence affirmed.

Judge Moulton did not participate in the consideration or decision of this case.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/23/18